Judge Unedrwood,
delivered the opinion of the Court.
The plaintiffs in error, and also plaintiffs in the circuit court, brought an action of trespass guere¡clausumfregit against the defendant. The declaration, contains two counts; one alleging the destruction of timber and herbage, the other avers the expulsion of the plaintiff by the defendant, from the possession, use and occupation of the land for a long time, to-wit: from the-day of--¡— to the-day of -7——,— and that he, during that time, had taken and received the issues and profits of the land. There were two trials in the circuit court, in each of which the defendant succeeded, and the plaintiffs, have brought up the case upon a solitary, exception, filed during the progress of the last trial, questioning the correctness of instructions given to the jury. These instructions were, “that if the improvements made by the defendant, and upon the land at the time it came to the possession of the plaintiffs, exceeded in value, five years rent of said land and improvements, that, then the jury ought to find for the defendant, whether the defendant had title in law, or in equity, or even if he had no title at all to the land, upon which he made *318 said improvements,” and, “that if the said improvements, so made, even without title, in law or in equity, amounted in value, to more than five years rent, that the plaintiffs could not set off the value of the rents and profits, accruing by the defendants use and occupation of the land, before the five years, against improvements made on the land.”
When the bill of exceptions does not exhibit such facts, as would entitle the pl’tff. to recover, if instructions at the instance pf the def’t. had not been given, the court will not presume him to have been prejudiced; and if the evidence on which instructions are intended to bear, be not presented by the record, the court will not adjudge the instructions to be erroneous.
We do not deem it important, to investigate the correctness of the opinions expressed in the foregoing instructions. Whether a bona fide improver of lands when sued for mene profits in an action of trespass, may give in evidence, the value of his improvements, under the general issue, by way of set off against the rents, and whether, if it can be done, the plaintiff should be precluded from shewing, that the improvements had been amply paid fo>-, by the rents, and profits accruing in years proceeding five, next, before the commencement of the action, are questions, which we will refrain at present, from expressing any opinion upon; because, be the law either way, the decision must still be an affirmance of the judgment of the circuit court in this case. The bill of exception filed in the progress of the last trial, does not set out any of the evidence then given. Consequently, we ca^ not tell, whether the plaintiffs proved title or possession, in fact; and if they did, we cannot tell, whether they proved any trespass, on the part of defendant. We cannot therefore perceive, what effect, the instructions given, did have on the minds of the jurymen, in forming their verdict. Before we reverse a case, it must be made to appear, by a full or partial history of the proceeding in the inferior court, that injury has been inflicted on the party complaining. We cannot indulge in conjectures, that it is possible, or even most probable, that he has been injured. As he has the means of shewing it positively, if he does not do it, by setting out the facts, necessary to shew it, his failure should be taken as a circumstance against him. It should at least operate so far, as to relieve this court from imagining a state of case where injustice has been done him. Cases might happen, where the face of the pleadings, would enable this court to detect a mischievous instruction given to the jury, operating to the prejudice of one of the parties. In such a case *319 it would not be necessary for the party injured to do tnore, than to except to the instruction given. But such is not the present case, for aught that appears to us, the plaintiffs have not been injured. They not shewn, that the jury should have found for them; if the instructions had not been given. The record in this case, is burdened with near one hundred pages, containing exceptions, filed by the defendant, in the progress of the first trial, which have nothing to ' do with the exceptions filed by the plaintiffs on the last trial, and which cannot aid the plaintiffs in the prosecution of their writ of error. The case of Blue vs. Kibbey, I Monroe, 196; is an authority in support of the doctrines here advanced.
Reid, for plaintiffs; Haggin, for defendant.
The judgment of the court below is affirmed, and defendant in error, must recover his costs.